UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re: MAYAPPLE, LLC            Case No. 09-65996-wsd
                                          Chapter 11
             Debtor.             Hon. Walter Shapero
_____/

## ORDER/OPINION ON DEBTOR'S MOTION TO EXPEDITE HEARING ON COMBINED PLAN AND DISCLOSURE STATEMENT

       The Court having held a hearing on Debtor's Motion to Expedite Hearing on Confirming and Approving Debtor's Chapter 11 Combined Plan and Disclosure Statement, with particular emphasis on the facts surrounding the pre-petition circulation of said Plan and Disclosure Statement and the voting and associated activities with reference to same and the extent to which such comports with bankruptcy law and non-bankruptcy law requirements under 11 USC 1125(g); and having heard evidence as to same and the Court taking into account the objections to the Motion by Debtor's principal secured creditor, as well as Debtor's desire to expedite the confirmation process, primarily because of pending sales of certain properties it would like to consummate; the Court having come thereby to the following conclusions:

       (1) there are were no, or no material, applicable non-bankruptcy law requirements governing the pre-petition solicitation in this case;

       (2) measured by the requirements of 11 USC 1125 as effectuated by this Court's standard disclosure and case management requirements and procedures, the Debtor's pre-petition plan and disclosure statement was: (a) was deficient in certain respects, as detailed in Exhibit "A" attached hereto; (b) inappropriately excluded its major secured creditor from the process when it should have exercised greater efforts than it did to negotiate with that creditor the terms of a plan of

1

reorganization and disclosure statement, as is required by this Court's normal Chapter 11 Case Management Order; and, (c) may not have been circulated to all of Debtor's creditors in its full and complete form;

(3) the foregoing can, however, be cured in a way that does not require that the Debtor begin the disclosure statement and plan approval process from the beginning, in a manner which still affords the Debtor the opportunity to attempt to move the plan process forward in an expedited manner;

Now, therefore, **IT IS ORDERED** that further proceedings in relation to confirmation of a plan shall be governed by the following:

(1) As soon as possible, but no later than October 30, 2009, Debtor shall file with the Court and serve upon the objecting secured creditor and the United States Trustee a separate form of supplemental disclosure statement, which encompasses the subjects set forth in Exhibit "A" attached hereto; it shall be in a form which supplements but clearly refers to and incorporates by reference, the disclosure statement and plan which was circulated by Debtor's pre-petition;

(2) Upon receipt of the foregoing, the Court will promptly decide upon the adequacy thereof, or without further hearings or objections from interested parties, ask for further supplementation; and after concluding such is adequate, the Court will issue an order which will (a) require the supplement and the original plan and disclosure statement to be served upon all required parties by a specified date, irrespective of whether or not they were served pre-petition; (b) afford any such parties the opportunity and means to either change their pre-petition vote, or if they did not vote pre-petition, to vote anew; and (c) set appropriate dates, on an accelerated basis, for return of ballots,

2

filing of objections to confirmation, a confirmation hearing and other matters normally the subject of such scheduling orders in cases before the Court which do not involve pre-petition solicitation;

(3) The foregoing is not intended to defer or preclude the Debtor from taking any actions directed toward procuring or effectuating prior to confirmation any construction or sales of any property or other activities in accordance with applicable law.

# EXHIBIT A

## **EXHIBIT A**

In the Disclosure Statement itself shall be amended to include:

(1). Expanded disclosure and identification of entities and their principals and individuals involved in management, development and construction of the enterprise including Debtor - as testified to during the hearing, their relationship to Debtor, its principals, or owners, and each other.

(2). Significant details of manner in which post petition construction will be financed and by whom, and such financiers' relationships to Debtor and its principals.

(3). Significant details of ownership and acquisition of the property being developed by Debtor, i.e., who owns the fee interest(s) (I.E., is it Marcello and Marietta Reyes?), and if not Debtor, significant details of agreements between Debtor and the owner(s).

(4). Significant details of current agreement with Chase Bank and status of same.

(5). Significant details of oral contract with Mondrian Properties Timbercrest Estates, LLC, and, agreement with City of Troy.

(6). Statement as to Debtor's expectations as to the length of the plan, and when full development of the project will be completed and all lots/units constructed and sold; and proforma projections for that plan period showing income, expense, and payments to be made to the various individual classes under the plan.

**Signed on October 16, 2009**

                                              **/s/ Walter Shapero**
                                  **Walter Shapero**
                                  **United States Bankruptcy Judge**